# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL G. SCOTT,**
       **Plaintiff,**

v.                                                                                                 Case No. 09-C-0745

**AURORA SINAI MEDICAL CENTER,**
       **Defendant.**

## ORDER

Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis. On August 18, 2009, I ordered plaintiff to pay an initial partial filing fee of $2.51. On August 25, 2009, plaintiff informed the court that he had no money left in his prison trust account, and that therefore he could not pay the initial partial filing fee.

Prisoner requests to proceed in forma pauperis are governed by 28 U.S.C. § 1915. Pursuant to that section, prisoners are assessed an initial partial filing fee based on a calculation using the average balance of the prisoner's trust account. Id. § 1915 (b)(1)(A-B). However, the section also provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Id. § 1915(b)(4). Given this provision, I conclude that plaintiff's case and his pending motion may proceed notwithstanding the lack of the initial partial filing fee. Plaintiff is still required to pay the full filing fee in increments, according to the formula set forth in § 1915(b); however, I will not allow his lack of funds to delay his case any longer.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that

are legally "frivolous or malicious," that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In the present case, I conclude that the complaint is frivolous and fails to state a claim on which relief may be granted.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on May 16, 2009, while incarcerated at the Milwaukee County Jail, he suffered a cut on the back heel of his right foot. Plaintiff was taken to the emergency room at Aurora Sinai Medical Center, the named defendant in this case, for treatment. Plaintiff does not allege that he received inadequate medical treatment at the emergency room. Instead, he alleges that the emergency room listed his sex as "female" on his discharge sheet and listed an erroneous "FIN" number for him.[1] Plaintiff alleges that the emergency room's

---

[1] The complaint does not explain what a "FIN" number is, but it apparently serves an administrative function.

refusal to correct these errors deprived him of liberty without due process of law and violated his Eighth Amendment rights. Although he seeks $450,000 in damages, he does not allege that he suffered any adverse consequences as a result of the alleged errors on his emergency room discharge sheet.

Plaintiff's complaint is obviously frivolous and clearly does not state any cognizable claim. The complaint alleges nothing more than that the emergency room made an administrative error that caused plaintiff absolutely no harm. This is not a violation of the Constitution or any federal statute and therefore does not give rise to a cause of action under 42 U.S.C. § 1983. The complaint and this action will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the complaint and this action be and hereby are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter final judgment.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 23 day of September, 2009.

/s  
LYNN ADELMAN  
District Judge